IRVING BLOCK, Plaintiff, *v.* LIGGETT & MYERS TOBACCO COMPANY, INC., Defendant.*

Municipal Court of New York, Borough of Manhattan, Ninth District, April 9, 1936.

* Revd., 162 Misc. 325.

*Max M. Nassau,* for the plaintiff.

*Townsend & Lewis* [*Dallas S. Townsend* of counsel], for the defendant.

CAPONEGRI, J. This is a cause of action wherein the plaintiff alleges that he suffered injuries through the negligence of the defendant in carelessly permitting to be imbedded in one of defendant's cigarettes a piece of steel blade. It is alleged that the causation of the injuries was said piece of steel blade.

The presence of a piece of steel blade imbedded in a cigarette manufactured by and bearing the name of the defendant, and which was knowingly intended for human consumption or use, is a *prima facie* fact from which negligence can be inferred. The cigarette, it is alleged, was contained in a sealed package, wrapped and manufactured by said defendant, and the said cigarette, when extracted from the sealed and wrapped package, was not broken or otherwise damaged; in other words, from the evidence — and which is not controverted — the cigarette, as well as the package in which it was contained at the time it was extracted and used by and sold to the plaintiff was in the same condition when delivered to the plaintiff as when it left the possession of the manufacturers.

The plaintiff has established a *prima facie* case, and the testimony of the defendant has failed to rebut the proof of negligence. The presence of a piece of steel blade imbedded in a cigarette, and which is knowingly intended for human consumption or use, makes it an extremely dangerous commodity.

The expert witness who appeared on behalf of the defendant testified generally to the effect that the defendant in the manufacture of the cigarette had used the best methods known to the science of manufacturing cigarettes. As a matter of fact, his testimony was also to the effect that the methods of the equipment and the machinery used by the defendant in this case were also the approved methods used by the American Tobacco Company. However, said expert witness did not testify that he had actually been engaged in or had supervised the manufacture of the cigarette or cigarettes in question.

In the humble opinion of the court, it was incumbent upon the defendant, in order to rebut the proof of negligence alleged by the plaintiff, to adduce testimony which would show that the persons who were actually engaged in the manufacture of the cigarette from beginning to end were competent and experienced persons and that they had been careful in the manufacture and production of the cigarette. I, therefore, find in favor of the plaintiff and against the defendant in the sum of fifty dollars. Ten days' stay of execution.